UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,

v.

                                               Criminal No. 10-20680

Mary Ann Habib,                          Honorable Sean F. Cox

       Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION PURSUANT TO U.S.S.G. 5K3.1**

Defendant Mary Ann Habib ("Defendant") was charged by an Information with 1-count of Attempted Importation of 3, 4 -Methylenedioxymethamphetamine (otherwise known as "MDMA" or "Ecstasy") in violation of Title 21, U.S.C. § 952(a), § 960, and § 963. (Doc. #1).

On February 1, 2011, Defendant entered into a Rule 11 Plea Agreement proposed to her by the Government. (Gvmt. Resp. at 1). On November 19, 2012, this Court sentenced Defendant to a term of 32 months of incarceration. At her sentencing neither Defendant nor her counsel mentioned the possibility of filing a motion for a "fast track reduction" pursuant to U.S.S.G. § 5K3.1. (Gvmt. Resp. at 4).

Defendant made no notice of appeal within the deadline of 14 days after the judgment was entered by the Court. (Gvmt. Resp. at 4). Further, Defendant waived her right to appeal by accepting the plea agreement. (Gvmt. Ex. 1 at 9). In addition, Defendant did not file a motion pursuant to 28 U.S.C. § 2255 within the time constraints required.

Now Defendant moves this Court for a sentence reduction pursuant to U.S.S.G. § 5K3.1. (Doc. #14). For the reasons set below, this Court shall DENY Defendant's request.

**BACKGROUND**

On October 28, 2009, Defendant attempted to enter the United States from Canada using the Detroit/Windsor Tunnel Port of Entry. During Defendant's attempted entry into the United States, she was questioned by U.S. Customs and Border Patrol ("CBP") officers. (Doc. #1). At a secondary inspection area, CBP officers discovered 26 vacuum sealed bags containing 42.2 kilograms of ecstasy in a rear compartment of Defendant's vehicle.

Defendant's original Offense Level of 29 placed her into the guideline range of 87-108 months of incarceration, but the Probation Department calculated a lower Offense Level of 26, which placed her into the guideline range of 63-78 months of incarceration. (Gvmt. Resp. at 2). On November 11, 2012, the Government filed a Motion for Downward Departure pursuant to U.S.S.G. § 5K1.1, requesting a sentencing term of 32 months of incarceration due to Defendant's continued assistance and cooperation in an ongoing investigation in a related Canadian case. (Gvmt. Resp. at 3). This Court granted the Government's motion, and on November 19, 2012, sentenced Defendant to a term of 32 months incarceration. (Gvmt. Resp. at 4).

## ANALYSIS

On April 24, 2014, Defendant now moves the Court for a 4 level "fast-track" reduction to her sentence pursuant to U.S.S.G. § 5K3.1. (Doc. #14). Defendant requests this reduction to account for sentencing disparities between districts that regularly engage in Early Disposition Programs and those that do not, such as this district. The Government responds that the Defendant took a plea agreement which precludes her from appealing her sentence, that Defendant was already given a very lenient sentencing for the offense committed, and the Defendant missed her deadlines to appeal her sentence or file a section 2255 motion.

The Court shall deny Defendant's motion for several reasons. First, Defendant missed her

deadline to appeal her sentencing. Pursuant to Federal Rule 4 of Appellate Procedure, "[in] a criminal case, a defendan''s notice of appeal must be filed in the district court within 14 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4. The court can extend the defendant's deadline to file a notice of appeal if there is a showing of good cause or excusable neglect by the moving party. *United States v. Leijano-Cruz*, 473 F.3d 571, 573 (5th Cir. 2006). However, in the case before us, Defendant has made no such showing.

In addition to Defendant missing her deadline for filing a notice of appeal and failing to show a valid reason for an extension of her deadline, Defendant waived her right to appeal by accepting the Government's plea agreement. The plea agreement contains a section specifically titled "Waiver of Right to Appeal" that states that Defendant waives any right to appeal her conviction or sentence if the sentence falls within the guideline range provided. (Gvmt. Ex. 1 at 9). Here, the sentence Defendant received was less than the guideline range within her plea agreement because of the differing guideline calculations by the parties and the Probation Department, as well as the Government's motion for downward departure pursuant to U.S.S.G. § 5K1.1. (Gvmt. Ex. 1, Worksheet E at 10).

Further, the type of relief requested by Habib would be more properly addressed through a 28 U.S.C. § 2255 motion. Through a section 2255 motion, a defendant asks the Court to vacate, set aside, or correct a sentence. Section 2255 motions have a 1-year statute of limitations within which they need to be filed, which begins running from the latest of the following four options:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the

>movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. In Defendant's case, her statute of limitations began running from the date on which the judgment of conviction became final. Defendant never filed a § 2255 motion and the time for doing so has passed.

There are circumstances in which the Sixth Circuit has held that the doctrine of equitable tolling is applicable to section 2255 motions. If deemed appropriate, the doctrine of equitable tolling would grant a defendant more time to file his or her § 2255 motion, but "typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Crump v. United States*, 2012 WL 4010231 at *2 (W.D. Mich.). Defendant has made no claim that there were any circumstances preventing her from being able to meet her deadline. Therefore, the Court finds that the doctrine of equitable tolling is not applicable to Defendant in this case, and a section 2255 motion would be well past the deadline imposed by the statute of limitations.

Lastly, the Court finds that the Defendant lacks standing to request the fast track reduction contemplated in U.S.S.G. § 5K3.1. Section 5K3.1's plain language explicitly states that neither defendants nor the court can move for a § 5K3.1 motion, but rather, it can be requested only "[u]pon motion of the Government . . . ." U.S.S.G. § 5K3.1. Furthermore, it has been held that the decision as to whether or not a defendant should be "fast-tracked" is solely in the hands of the United States Attorney. *Mercado-Zapata v. United States*, 2012 WL 3846432, at *3 (N.D. Tex. 2012). Defendant

clearly lacks standing to file a § 5K3.1 motion.

Based on the foregoing, this Court shall DENY Defendant's Motion Pursuant To U.S.S.G. § 5K3.1.

**IT IS SO ORDERED.**


Dated: July 10, 2014               s/ Sean F. Cox
                                   Sean F. Cox
                                   U. S. District Judge


I hereby certify that on July 10, 2014, the foregoing document was served on counsel of record via electronic means and upon Mary Ann Habib via First Class mail at the address below:

MARY ANN HABIB 43972-039
FCI ALICEVILLE
FEDERAL CORRECTIONAL INSTITUTION
P.O.BOX 4000
ALICEVILLE, AL 35442

                                   s/ Jennifer McCoy
                                   Case Manager